IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA WARREN and JASON WARREN,
individually and as next friends
and parents of A.W., a minor,

    Plaintiffs,

v.                                Civil Action No. 5:10CV25
                                                  (STAMP)
MARURO HUMBERTO RODRIGUEZ-HERNANDEZ and
WATER PROVIDERS LIMITED d/b/a SWEET H2O

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AS FRAMED MOTION TO DISMISS REQUEST FOR**
**INJUNCTIVE RELIEF OF STATE FARM FIRE AND CASUALTY COMPANY**

I.  Background

The above-styled civil action arises out of a two-vehicle automobile accident that occurred on November 16, 2009 in New Martinsville, West Virginia. Defendant Maruro Humberto Rodriguez-Hernandez ("Rodriguez-Hernandez"), an illegal alien who was operating a commercial truck in the course of his employment with Water Providers Limited d/b/a Sweet H2O ("Sweet H2O"), collided with a vehicle driven by Trevor Standiford.[1] A.W., a minor, was a passenger in the vehicle driven by Mr. Standiford, which was owned by Cynthia and Jason Warren. A.W. sustained significant injuries as a result of the collision.

---

[1] Mr. Standiford also brought suit against Rodriguez-Hernandez, Sweet H2O, and State Farm Fire and Casualty Company. (Civil Action No. 5:10CV24.) These cases were consolidated for discovery purposes and dispositive motions per an order of this Court on July 1, 2010.

Following the accident, the plaintiffs filed a complaint on behalf of their minor daughter in the Circuit Court of Wetzel County, West Virginia alleging claims of negligence, negligent entrustment, respondeat superior, the tort of outrage, and property damage. This case was subsequently removed by the defendant, Sweet H2O, to this Court.

In the ad damnum clause of the complaint, the plaintiffs requested that the Court issue an order prohibiting the defendant's insurer, Hanover Insurance and Bridge Insurance Partners ("Hanover Insurance"), the plaintiff's insurer, State Farm Fire and Casualty Company ("State Farm"), and other relevant insurance companies involved in the claim from disseminating information obtained during the course of litigation to third parties and indexing bureaus which could be used by the insurance companies against the plaintiffs in the future.[2] (Compl. 11.)

Rather than request a hearing under Rule 65 of the Federal Rules of Civil Procedure to grant or deny the injunction, State Farm filed a motion to dismiss the plaintiffs' request for injunctive relief or in the alternative grant partial summary

---

[2]Neither State Farm, the underinsured motorist carrier, nor Hanover Insurance is a named defendant in this case, however, State Farm is a named defendant in Civil Action No. 5:10CV24. Both State Farm and Hanover Insurance were served with a copy of the summons and the complaint on January 22, 2010. (Compl. Ex. A 2). Even though State Farm is not a named defendant in this action, as the insurance company issuing the policy, it has "the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name." W. Va. Code § 33-6-31.

judgment dismissing any request for injunctive relief under Rule 56 of the Federal Rules of Civil Procedure.[3] In support of this motion, State Farm argues: (1) an injunction is unnecessary because State Farm will not share the plaintiffs' confidential information with indexing bureaus; (2) an injunction would undermine the public interest in preventing fraud; (3) an injunction is unnecessary because the plaintiffs' privacy is already protected by state law, regulations, and State Farm's practices; (4) an injunction would undermine State Farm's effective and efficient claim-handling procedures; and (5) the plaintiffs' request for injunctive relief should be denied because the plaintiffs have not posted a bond, as required under West Virginia law.[4]

The plaintiffs then filed a response in opposition, contending: (1) the Court has the authority to enter a protective order prohibiting the distribution of the plaintiffs' personal and

---

[3]The plaintiffs did not object to proceeding under Rule 12(b)(6), rather, they argue that the Court should deny the motion. Further, the plaintiffs did not request a hearing under Rule 65(b)(3) of the Federal Rules of Civil Procedure. The plaintiffs also indicate that a protective order would provide them with the remedy they seek. (Pls.' Resp. 4). However, State Farm has not yet sought discovery of this information, and the plaintiffs do not seek to prevent State Farm from obtaining discoverable information. Thus, this Court construes the plaintiffs' request as a request for a preliminary injunction and denies any request for a protective order at this time.

Finally, because this Court has only considered facts stated in the complaint, the Court does not proceed under Rule 56 of the Federal Rules of Civil Procedure. See Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1109 & n.9 (4th Cir. 1993).

[4]Because this Court is denying the plaintiffs' request for injunction relief, this Court does not need to consider the issue of bond.

medical information to third-party databases and indexing bureaus that are not privy to the plaintiffs' claim; (2) both statutory and case law has been developed establishing an individual's right to privacy and right to be free from the disclosure of his personal and medical information; and (3) the West Virginia Code of State Rules and the public policy of West Virginia favor the Court prohibiting insurance companies from disseminating this information to third party databases and indexing bureaus.

In response, State Farm filed a reply brief arguing: (1) the Health Insurance Portability and Accountability Act ("HIPAA") has no application to the present civil action; (2) numerous protections are already in place to protect the privacy of the plaintiffs' medical information; and (3) insurers must transmit claim data for anti-fraud initiatives. On June 21, 2010, State Farm also filed a supplemental reply brief in support of its motion to dismiss the plaintiffs' request for injunctive relief. State Farm's brief cites <u>State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell</u>, No. 35514, 2010 WL 2488176 (W. Va. June 16, 2010), in support of its argument that the plaintiffs have failed to established good cause for the imposition of a preliminary injunction. State Farm also indicated in its supplemental motion that it does not share medical records or other confidential information with the Bodily Injury Index ("BI Index"). (Def.'s Supplemental Reply 2.)

## II. Applicable Law

### A. Rule 12(b)(6) Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances.

Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

B. Federal Rules of Civil Procedure Rule 65

The United States Court of Appeals for the Fourth Circuit has recognized that "preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 953 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

Until 2008, the Fourth Circuit followed the four-factor Blackwelder test in determining whether a preliminary injunction should be granted. See Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F.2d 189 (4th Cir. 1977). These factors were: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendant if the preliminary injunction is granted; (3) the likelihood that plaintiff will succeed on the merits; and (4) the public interest." Id. at 193. In light of the Supreme Court's ruling in Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 (2008), the Fourth Circuit has abandoned the Blackwelder test in favor of a stricter approach in Winter, which requires that

the plaintiff clearly demonstrate that it will likely succeed on the merits. See The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-47 (4th Cir. 2009).

In The Real Truth About Obama, Inc., the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue. The four factors that the plaintiff must establish to obtain a preliminary injunction under the Fourth Circuit test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and(4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008)).

The issuance of a preliminary injunction is committed to the sound discretion of the district court. Conservation Council of North Carolina v. Costanzo, 505 F.2d 498, 502 (4th Cir. 1974). If a preliminary injunction is granted, the order granting the same must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail -- and not by referring to the complaint or any other document -- the act or acts restrained or required." See Fed. R. Civ. P. 65(d).

## III. Discussion

### A. Rule 12(b)(6) Motion to Dismiss

In its motion to dismiss the plaintiffs' request for injunctive relief, State Farm argues that the plaintiffs have failed to state a cause of action. (Def.'s Mot. to Dismiss 4.) Instead, State Farm contends that the plaintiffs simply seek an order prohibiting State Farm and other insurance companies from "placing information about the plaintiffs on any 'indexing bureau' which could be used by the insurance companies against the plaintiffs in the future." (Compl. 11.) The plaintiffs state no damages or harm underlying their request for an order.

"A request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts." Pinnacle Min. Co., LLC v. Bluestone Coal Corp., 624 F. Supp. 2d 530, 539-40 (S.D. W. Va. 2009) (citing Fare Deals Ltd. v. World Choice Travel.Com, Inc., 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001)). The request for injunctive relief can only stand as a remedy for a cause of action; therefore, this Court finds that the plaintiffs have failed to plead a proper cause of action. Thus, the motion to dismiss the request for injunctive relief is granted as framed. Because the motion to dismiss under Rule 12(b)(6) is also impacted by the Court's analysis of Rule 65 of the Federal Rules of Civil Procedure, the Court now turns to a discussion of the Rule 65 factors.

8

B.  <u>Injunctive Relief</u>

1.  <u>Likelihood of Success on the Merits</u>

In this case, the plaintiffs seek a preliminary injunction prohibiting State Farm from placing information about the plaintiffs on any indexing bureau. In support of their argument, the plaintiffs claim that any information placed on an indexing bureau could be used by insurance companies against the plaintiffs in the future. State Farm addresses the plaintiffs' concerns in its motion to dismiss, where it indicates that State Farm does not share any confidential information with indexing bureaus. (Def.'s Mot. to Dismiss 6.) State Farm does transmit data to the BI Index, which is maintained by the Insurance Services Office ("ISO"), a private aggregator of insurance data that helps insurers identify fraudulent claims. However, the data sent to the BI Index is limited to: (1) the insured's name; (2) the insured's address; (3) the date of loss; (4) the location of the accident; (5) the injured party's name; (6) the injured party's address; and (7) a generic description of the body part named in the claim. Neither medical records nor confidential information is transmitted to the BI Index. (Adkins Aff. ¶¶ 3, 5-6, Mar. 15, 2010).

The plaintiffs contend that even these limited disclosures by State Farm violate Sections 114-57-15.1 and 114-57-2.21 of the West Virginia Code of State Rules, however, the plaintiffs fail to explain how these disclosures could be considered nonpublic

personal health information under Rule 114-57-2.21.[5]  (Pls.' Resp. 14-15.)  Because the plaintiffs have failed to prove that State Farm shares confidential or medical information with an indexing bureau, the plaintiffs have not made a clear showing that they is likely to succeed on the merits.

    2.   <u>Irreparable Harm in the Absence of Preliminary Relief</u>

<u>Winter v. Natural Resources Defense Council, Inc.</u> "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief."  <u>Real Truth About Obama, Inc.</u>, 575 F.3d at 347.  In this case, the plaintiffs' complaint includes no facts in support of the argument that the plaintiffs are likely to be irreparably harmed absent preliminary injunctive relief.  In their response in opposition, the plaintiffs state that they seek an injunction in order to prevent annoyance, embarrassment, oppression, or undue burden or expense.  (Pls.' Resp. 6.)  But irreparable harm to the plaintiffs must be actual and imminent, not remote and speculative.  See <u>Mylan Pharmaceuticals, Inc. v. Thompson</u>, 207 F. Supp. 2d 476, 484 (N.D. W. Va. 2001).  The plaintiffs seek to prevent dissemination of their personal information to third parties not privy to the case, but they have made no showing that they face an imminent threat of actual harm if personal information is shared.

---

[5]Nonpublic personal health information is defined as information: (1) that identifies an individual who is the subject of the information; or (2) with respect to which there is a reasonable basis to believe that the information could be used to identify an individual.  W. Va. Code St. R. 114-57-2.21.

In their response in opposition to State Farm's motion to dismiss the request for injunctive relief, the plaintiffs argue that their private health information produced during the insurance claim process and litigation is protected by HIPAA. According to the plaintiffs, the Court should prohibit the use of their private health information outside of the litigation. (Pls.' Resp. 7.) However, HIPAA does not apply to automobile insurance, which is at issue in this case. See 42 U.S.C. § 300gg-91(c)(1)(C) ("'[E]xcepted benefits' means benefits under one or more (or any combination thereof) of the following: (1) Benefits not subject to requirements . . . (C) Liability insurance, including general liability insurance and automobile liability insurance."). Because automobile insurance is a benefit excepted from the scope of the statute, the plaintiffs' argument that HIPAA applies to the present action is misplaced and must be rejected.

A thorough review of HIPAA's enforcement provisions reveals no private right of action. Fields v. Charleston Hosp., Inc., No. 2:06-0492, 2006 WL 2371277 (S.D.W.Va. 2006) ("[T]he court's review of HIPAA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action.") While HIPAA does provide for civil and criminal penalties, the Act also limits enforcement to authorized state agencies or the Secretary of Health and Human Services. See 42 U.S.C. § 300gg-22; O'Donnell v. Blue Cross Blue Shield, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001).

Several other courts addressing this issue have routinely found that HIPAA does not provide, either express or implied, a private right of action. See e.g. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) ("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA."); Iannucci v. Mission Hosp., No. 1:08CV471, 2008 WL 5220641 (W.D.N.C. 2008) ("There is no private cause of action under HIPAA.").

In this case, the plaintiffs attempt to state that HIPAA protects the plaintiffs' private healthcare information from disclosure outside of the litigation. Because HIPAA does not provide for a private right of action, however, the plaintiffs have not stated a cognizable claim. Accordingly, dismissal on this claim is appropriate.

In addition, the plaintiffs have offered no evidence that their private medical information is not adequately protected by existing law. West Virginia insurance regulations provide that, with limited exceptions, an insurer "shall not disclose nonpublic personal health information about a consumer or customer unless an authorization is obtained from the consumer or customer whose nonpublic health information is sought to be disclosed." W. Va. Code St. R. 114-57-15.1. According to state regulations, State Farm is required to "implement a comprehensive written information security program that includes administrative, technical and physical safeguards for the protection of consumer information." W. Va. Code St. R. 114-62-3.1; see also W. Va. Code § 33-6F-1(a)

("No person shall disclose any nonpublic personal information contrary to the provisions of Title V of the Gramm-Leach-Bliley Act, Pub. L. 106-102 (1999)."). In addition, State Farm has company-specific guidelines and regulations, each of which are designed to protect the privacy of medical information of claimants such as the plaintiffs. (Def.'s Reply 5.) The plaintiffs have failed to show that these existing protections are insufficient to secure their privacy interests, thus, they have failed to establish that they are likely to suffer irreparable harm in the absence of injunctive relief.

    3.  <u>Balance of Equities</u>

When weighing the parties' respective injuries and balancing the equities to determine whether a preliminary injunction should issue, the court should consider: (1) the relative importance of the rights asserted and the act sought to be enjoined; (2) the preservation of the status quo; and (3) the balancing of damage and convenience generally. See <u>Sinclair Refining Co. v. Midland Oil Co.</u>, 55 F.2d 42, 45 (4th Cir. 1932). In this case, the plaintiffs allege potential annoyance, embarrassment, oppression, or undue burden or expense if their personal information is disseminated to third parties. On the other hand, the requested injunction would require State Farm to implement a unique and burdensome exception from its uniform electronic records system, resulting in increased expense, decreased efficiency, and delays on State Farm's claim handling process. (Def.'s Mot. to Dismiss 14-15.) State Farm uses

13

an electronic claim-handling and file-management system designed to reduce the cost of insurance for all consumers, combat insurance fraud, allow for easier supervision and auditing of insurance services, and provide faster, more secure service for all policyholders. (Def.'s Mot. to Dismiss 14.) Through this system, the non-confidential information that State Farm shares with the BI Index is automatically transmitted to ISO as soon as it is entered into State Farm's secure electronic claim file. Complying with the requested injunction would impair the use of State Farm's electronic claim handling system and would result in inconvenience for both State Farm and other policyholders.

In support of this argument, State Farm cites the <u>Bedell</u> case, in which the Supreme Court of West Virginia held that "a court may not issue a protective order directing an insurance company to return or destroy a claimant's medical records prior to the time period set forth by the Insurance Commissioner of West Virginia in §§ 114-15-4.2(b) and 114-15-4.4(a) of the West Virginia Code of State Rules for the retention of such records." <u>Bedell</u>, 2010 WL 2488176, at *8. Additionally, the <u>Bedell</u> court found that the plaintiff had failed to create good cause for issuing a protective order barring the electronic storage of medical records relating to the case. <u>Id.</u> at *11. Similarly, this Court finds that State Farm has a right to distribute the information it identifies to the BI Index. On balance, the risk of potential dissemination of the plaintiffs' confidential information is outweighed by State Farm's

interest in managing and maintaining its current electronic claim system.

    4.  Public Interest

In Winter v. Natural Resources Defense Council, Inc., "the Supreme Court emphasized the public interest requirement, stating, 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" Real Truth About Obama, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77). In their complaint, the plaintiffs failed to allege any facts in support of an argument that the requested injunction would be in the public interest. State Farm, however, argues that an injunction would undermine the public interest in preventing insurance fraud. (Def.'s Mot. to Dismiss 8-12.) According to State Farm, insurers and law enforcement rely on the aggregation of non-confidential data in formats such as the BI Index in order to detect fraud. Because it is impossible to predict what information and claims may be relevant in future fraud investigations, the success of State Farm's anti-fraud plan depends on its ability to maintain and access comprehensive indices of prior claims. If, in the future, additional claims are made by the same party and that party attempts to conceal prior injuries to increase the value of his or her claim, State Farm and other insurers will be unaware of the potential fraud unless they can access the relevant prior claim information. (Def.'s Mot. to Dismiss 9.)

15

The plaintiffs seek to prohibit the transmission of their personal information to any indexing bureau which could be used by insurance companies against them in the future. However, this is essential information to insurers seeking to prevent fraudulent conduct. Prohibiting State Farm from participating in the BI Index would impair State Farm's business interests in reducing fraud and its attendant costs would burden public interests in combating fraud. For these reasons, this Court finds that the requested injunction is not in the public interest.

In deciding the motion to dismiss, the Court has analyzed the plaintiffs' complaint under both Rule 12(b)(6) and Rule 65 of the Federal Rules of Civil Procedure. Because the plaintiffs have failed to establish the four factors laid out in <u>The Real Truth About Obama, Inc.</u>, this Court has determined that the issuance of an injunction is unwarranted; therefore, the plaintiffs have failed to state a claim upon which relief can be granted.

## IV. <u>Conclusion</u>

For the reasons stated above, State Farm's motion to dismiss request for injunctive relief is GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 15, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE